IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| vs. ) | Criminal No. 08-122 |
| ) | See Civil Action No. 12-294 |
| DEREK RAMOND ST. CLAIR, ) | |
| ) | |
| Defendant/petitioner. ) | |

O R D E R

AND NOW, this 16th day of April, 2012, upon consideration of Petitioner's pro se "Habeas Corpus Motion under 28 U.S.C. § 2255" (document No. 49), filed in the above captioned matter on March 9, 2012,

IT IS HEREBY ORDERED that said motion is DISMISSED.

On May 22, 2008, Petitioner pled guilty to one count of possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1). The Court sentenced him to 46 months' imprisonment and 3 years' supervised release on August 14, 2008. Judgment was entered on that same date,[1] and no appeal was filed. On March 11, 2010, Petitioner filed his first motion to vacate

---

[1] The Court notes that the Final Order of Forfeiture in this case was not entered until October 13, 2009, but Petitioner's claims do not relate to this forfeiture. As such, it is August 14 that is the relevant date here. See United States v. Pompei, 2002 WL 32351162 (E.D. Pa. May 13, 2002) (dismissing Section 2255 petition as untimely that was filed within one year of the final order of forfeiture but not within one year of judgment being entered).

1

sentence pursuant to 28 U.S.C. § 2255.[2] On March 12, 2010, this Court ordered Petitioner to show cause why his motion should not be dismissed as untimely pursuant to 28 U.S.C. § 2255(f). On March 25, 2010, Petitioner responded, arguing that he was not informed until September 3, 2009, that he was ineligible for certain programs while incarcerated by the Commonwealth of Pennsylvania because of the federal detainer against him. Petitioner claimed that it was at that time that he realized that the judgment in his case did not indicate that his sentence had been imposed to run concurrently with his state sentence pursuant to USSG § 5G1.3, contrary to his understanding of the nature of the sentence this Court had imposed.

On March 30, 2010, the Court dismissed Petitioner's first Section 2255 motion. As the Court explained in that Order, although a prisoner previously was able to file a Section 2255 motion at any time, the Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104-132 ("AEDPA"), has imposed stringent requirements for seeking and obtaining collateral relief. Specifically, the AEDPA amended Section 2255 to impose

---

[2] Petitioner's first motion to vacate originally was filed with the District Court for the Eastern District of Pennsylvania, the district within which Petitioner was incarcerated at the time, but was transferred to this Court based on the nature of the relief sought in the motion.

2

a one-year time limit on filing Section 2255 motions. 28 U.S.C. § 2255(f) provides that:

> A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of -
>
> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

The Court explained in its March 30 Order that final judgment was entered on August 14, 2008, and that Petitioner did not appeal his conviction or sentence.[3] The Court found that the motion was filed well-after one year later, and that Petitioner

---

[3] Pursuant to Federal Rule of Appellate Procedure 4(b)(1)(A), Petitioner had 10 days from August 14, 2008, in which to file a notice of appeal. "If a defendant does not pursue a timely direct appeal to the court of appeals, his or her conviction and sentence become final [within the meaning of § 2255], and the statute of limitation begins to run, on the date on which the time for filing such an appeal expired." Kapral v. United States, 166 F.3d 565, 577 (3d Cir. 1999).

3

could not satisfy any of the criteria under Section 2255(f). Accordingly, the Court held that his motion was untimely and further held that Petitioner's contentions did not present extraordinary circumstances sufficient to equitably toll the AEDPA's statute of limitations.

Petitioner has now, two years later, filed another motion pursuant to Section 2255. This motion is, of course, subject to the same rules regarding the limitations period. The first ground raised by Petitioner, ineffective assistance of counsel in regard to his appeal rights, is untimely for the same reasons that his prior motion was untimely - no exception under Section 2255(f) applies and no grounds for equitably tolling the limitations period exist in the record.

Petitioner attempts to salvage his second argument by invoking Section 2255(f)(3). He argues that he is no longer guilty of any federal offense based on the holding of the United States Supreme Court in Carachuri-Rosendo v. Holder, 130 S. Ct. 2577 (2010), which he claims has been made retroactive to cases on collateral review by the Fourth Circuit Court of Appeals in United States v. Simmons, 649 F.3d 237 (4th Cir. 2011). However, his argument fails for three reasons.

First, Carachuri-Rosendo has no application to the facts of this case. That case dealt with the issue of under what circumstances a prior conviction for simple possession of a

4

controlled substance can constitute an aggravated felony pursuant to 8 U.S.C. § 1229b(a)(3). Specifically, the Supreme Court determined whether the statutory enhancements for recidivism in regard to simple possession under 18 U.S.C. § 844 can render a prior conviction a conviction for an aggravated felony, where recidivism is demonstrated by the record but not actually alleged or raised. Petitioner was not convicted under Section 1229b. Petitioner's contentions to the contrary notwithstanding, the statute under which he was convicted, 18 U.S.C. § 922(g)(1), does not require a showing that he had been previously convicted of an aggravated felony, but rather that he had previously been convicted of a crime punishable by imprisonment for a term exceeding one year. Carachuri-Rosendo in no way altered the well-established rule that courts are to look at the maximum potential sentence for a prior conviction, and not the one actually imposed, in determining whether a defendant was convicted of a crime punishable by a term of imprisonment exceeding one year for purposes of Section 922(g)(1). See United States v. Essig, 10 F.3d 968, 972-73 (3d Cir. 1993) (citing Dickerson v. New Banner Institute, Inc., 460 U.S. 103 (1983)).

Although Petitioner does have prior convictions for simple possession of marijuana and cocaine under both West Virginia and Pennsylvania law, none of these convictions were

5

used as the predicate crime establishing that he was previously convicted of a felony for purposes of Section 922(g). Rather, he was also previously convicted of person not to possess a firearm, in violation of 18 Pa. C.S. §§ 6105(a)(1) and (b), carrying a firearm without a license, in violation of 18 Pa. C.S. § 6106, and possession with intent to deliver a controlled substance, and the indictment indicates that those are the predicate felonies for purposes of Section 922(g)(1). Petitioner's prior firearm-related convictions constitute second and third degree felonies respectively, both punishable by well over one year of imprisonment. Petitioner does not address his conviction for possession with intent to deliver, but this crime is also punishable by well more than one year in prison. None of these prior convictions require any recidivist provisions, nor any other facts not part of the record of conviction, to establish that the crimes were punishable by a term of imprisonment exceeding one year.

Petitioner argues that whether a conviction constitutes a felony must be determined according to the particular defendant's prior record level and that his prior record level shows that he could not have been sentenced to imprisonment for more than one year on any of his prior state convictions. He in no way explains how or why this is so, and his claim is not supported by the record or the law. He further

argues that his prior convictions do not constitute predicate felonies because he never completed a term of imprisonment of more than one year, which, as explained above, is not relevant. As such, he fails to explain how Carachuri-Rosendo applies to his case. The Court notes that the United States District Court for the Southern District of Georgia recently issued a well-reasoned opinion addressing this very argument, and this Court concurs with the reasoning contained therein. See Bogardus v. United States, 2012 WL 292870 (S.D. Ga. Jan. 4, 2012).

Second, even if it were relevant, Carachuri-Rosendo has not been made retroactive to cases on collateral review. The decision itself does not indicate that it has been made retroactive, nor did the Fourth Circuit address the issue in United States v. Simmons, 649 F.3d 237 (4th Cir. 2011), the decision upon which Petitioner relies. Indeed, the Court in Bogardus provides an exhaustive list of courts that have held that Carachuri-Rosendo is not retroactive, and this Court agrees with those courts. See 2012 WL 292870, at *6 (collecting cases).

Third, even if Petitioner could establish a right newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review, his motion is still untimely. Carachuri-Rosendo was decided on June 14, 2010. As stated above, for Petitioner's motion to be timely, it must have

been filed within one year of the date on which the right asserted was initially recognized by the Supreme Court. The present motion is not nearly within such limits. Moreover, Petitioner has not demonstrated any grounds for equitably tolling the limitations period. He has not demonstrated that he has been prevented from asserting his rights "in some extraordinary way" or that he exercised "reasonable diligence" in investigating and bringing his claims. <u>Miller v. New Jersey State Dept. of Corrections</u>, 145 F.3d 616, 618-19 (3d Cir. 1998).

Accordingly, Petitioner's Habeas Corpus Motion under 28 U.S.C. § 2255 is dismissed as untimely. Moreover, because Petitioner's motion is untimely, although the Court discussed the merits of Petitioner's claims, it has not ruled on the merits, and there would be no basis for issuing a certificate of appealability, as Petitioner has failed to make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

s/Alan N. Bloch
United States District Judge

ecf:    Counsel of record

cc:    Derek Ramond St. Clair, #09939-068
FCI Cumberland
P.O. Box 1000
Cumberland, MD 21501